# In the Iowa Supreme Court

No. 25–0752

Submitted March 24, 2026—Filed May 29, 2026

**Melinda Williams,**

Appellant,

vs.

**Kenneth J. Hartman,** and **Davenport Surgical Group, P.C.,**

Appellees.

Appeal from the Iowa District Court for Scott County, Jeffrey C. McDaniel, judge.

A plaintiff appeals the dismissal of her medical malpractice lawsuit as filed beyond the statute of limitations after the district court held that the savings statute, Iowa Code § 614.10, did not apply. **Reversed and Remanded.**

Per curiam.

John F. Fatino and Nicholas J. Gral of Whitfield & Eddy, P.L.C., Des Moines, for appellant.

Jennifer E. Rinden, Vincent S. Geis, and Eric P. Martin of Shuttleworth and Ingersoll, P.L.C., Cedar Rapids, for appellees.

**Per Curiam.**

In this case, we are confronted again with whether Iowa's savings statute, which treats a second lawsuit as a continuation of an earlier one, applies when a plaintiff in a medical malpractice lawsuit voluntarily dismisses her original action after serving defective certificates of merit under Iowa Code § 147.140 (2021). The district court held that the savings statute did not apply and granted the defendants' motion for summary judgment, dismissing the plaintiff's second lawsuit as filed beyond the statute of limitations. The plaintiff appeals.

I.

In May 2019, Melinda Williams consulted Kenneth J. Hartman, M.D., about abdominal discomfort. During another appointment the following month, Hartman diagnosed Williams with diverticulosis of the colon and recommended surgery. On July 5, Hartman performed surgery on Williams in which he dissected and removed a portion of Williams's rectum before connecting the lower and middle portions of the rectum. After the operation, Williams suffered from chronic abdominal pain and difficulty passing stool. She was referred to specialists at the University of Iowa Hospitals & Clinics who performed a second surgery creating a temporary opening in the small intestine to keep stool from entering parts of the gastrointestinal tract. The surgeries caused Williams to lose a substantial portion of her rectum, and she now suffers from ongoing abnormal bowel habits and related problems.

On June 24, 2021, Williams filed a medical malpractice lawsuit against Hartman and his employer, Davenport Surgical Group, P.C. (for simplicity, we'll refer to them together as "Hartman"). The same day, she filed an "affidavit of certificate of merit" under Iowa Code § 147.140. Hartman filed an answer to the

lawsuit denying liability. The parties then engaged in discovery, including expert witness discovery, for the next several years.

On May 24, 2024, we issued an opinion in *Miller v. Catholic Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367 (Iowa 2024), holding in a case of first impression that certificate of merit affidavits must be either a sworn oath or signed under penalty of perjury to satisfy § 147.140. *Id.* at 375. On June 3—about two weeks before the date set for trial—Hartman filed a motion to dismiss, arguing that the certificates of merit were noncompliant under *Miller*. Rather than resist the motion, on June 5, Williams voluntarily dismissed her claims without prejudice.

On August 9, Williams filed a new petition against the same defendants alleging identical causes of action. The petition invoked Iowa Code § 614.10, the "savings statute," arguing that the second action should be deemed a continuation of the first. Hartman answered the petition and then moved for summary judgment, asserting that the savings statute did not apply and the action was barred by the statute of limitations. The district court granted the motion, holding that the savings statute provided no safe harbor because the initial lawsuit did not "fail" within the meaning of the statute. The district court cited two of our recent rulings, *Tarbox ex rel. S.K. v. Obstetric & Gynecologic Associates of Iowa City & Coralville, P.C.*, 13 N.W.3d 546 (Iowa 2024), and *Banwart v. Neurosurgery of North Iowa, P.C.*, 18 N.W.3d 267 (Iowa 2025), in concluding that Williams could have resisted the motion by arguing that it was filed beyond the dispositive motion deadline. Williams appeals.

II.

The savings statute, Iowa Code § 614.10, allows a second lawsuit to proceed as a continuation of a prior lawsuit in certain situations, even if the statute of limitations has expired. The statute states:

> If, after the commencement of an action, the plaintiff, for any cause except negligence in its prosecution, fails therein, and a new one is brought within six months thereafter, the second shall be held a continuation of the first.

Iowa Code § 614.10.

Hartman asks us to affirm the district court, arguing that Williams cannot establish that the first lawsuit failed because she could have successfully resisted the motion to dismiss, and that Williams failed to prove a lack of negligence.

Today in *Trask v. Ahmed*, another medical malpractice case, we addressed a materially similar scenario. ___ N.W.3d ___, ___ (Iowa 2026). In *Trask*, the plaintiff voluntarily dismissed his suit to avoid dismissal after the defendants filed a motion to dismiss asserting noncompliant certificates of merit under *Miller*. *Id.* at ___. The plaintiff later refiled the same claims against the same defendants under the savings statute. *Id.* at ___. In analyzing whether the original claim failed despite the plaintiff having the opportunity to resist the motion, we noted that the plaintiff was "not required to exhaust futile procedural maneuvers to fall within the protection of the savings statute." *Id.* at ___.

The facts in *Trask* differ from those here only in the status of the lawsuit at the time our opinion in *Miller* came down; in *Trask*, the dispositive motion deadline had not yet expired, whereas in this case it had. At the time Williams dismissed her first lawsuit in response to Hartman's motion to dismiss reciting *Miller*, we had never addressed a deadline for a party to challenge an allegedly

noncompliant certificate of merit affidavit under § 147.140. The text of the statute mentions no cutoff. *See* Iowa Code § 147.140(6). Our first case addressing it, *S.K.*, was not issued until November 8, 2024—five months after Williams's voluntary dismissal. 13 N.W.3d at 546. And even *S.K.* did not establish the dispositive motion deadline as the cutoff, stating: "Our court does not decide today the precise point at which a motion challenging a certificate of merit affidavit becomes untimely, but we have no trouble saying that it is too late once the district court issues its final judgment." *Id.* at 569 (Waterman, J., concurring). It wasn't until *Banwart*, issued March 7, 2025—a full nine months after Williams's voluntary dismissal—that we first established that motions attacking certificates of merit must be made before the dispositive motion deadline. 18 N.W.3d at 267, 277–78.

There is some irony, of course, in Hartman's argument that he should *win* this second lawsuit because we now know in hindsight that he should have *lost* his motion in the first lawsuit. Nonetheless, when Williams voluntarily dismissed her first lawsuit in the wake of *Miller*, no deadline existed for a challenge to a defective certificate of merit. In our view, Williams cannot be held to a standard so heavily informed by hindsight. As we said in *Trask*, "[c]lairvoyance in predicting judicial outcomes is not a job requirement for lawyers." *Id.* at ___. Because none of our cases suggested a basis to resist the summary judgment motion at the time of her dismissal, consistent with *Trask*, we conclude that her original claim "failed." On this same basis, we reject Hartman's argument that Williams was guilty of "negligence in prosecuting" her first lawsuit under § 614.10.

As to Hartman's separate argument that the savings statute doesn't apply because Williams was negligent in serving defective certificates in the first place, we reject the defendant's claim for the reasons stated in *Trask. Id.* at ___.

### III.

For these reasons, we reverse the district court's grant of summary judgment and remand the case for further proceedings.

**Reversed and Remanded.**

This opinion shall not be published.